IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUDE NKPADO et al.,            ) | |
| ) | |
| Plaintiffs,       ) | |
| v.                              ) | |
| ) | Case No. 08-1343-HHK |
| THE STANDARD FIRE INSURANCE  ) | |
| COMPANY,                    ) | |
| ) | |
| Defendant.      ) | |

**DEFENDANT'S RENEWED MOTION TO DEEM**
**NOTICE OF REMOVAL AS FILED ON JULY 31, 2008**

Defendant The Standard Fire Insurance Company ("Standard Fire"), by its undersigned attorneys, moves for an Order deeming its Notice of Removal as having been filed on July 31, 2008, and states:

1.      The Notice of Removal, which the messenger left in the after-hours drop-box on July 31, 2008, lacked a date-stamp and suffered from other errors. In the absence of a date-stamp, the Clerk is treating the Notice of Removal as filed on August 1, 2008.

2.      Fed. R. Civ. P. 5(d)(4) and *Innovatit Seafood Systems, LLC v. Commissioner for Patents*, 240 F.R.D. 23 (D.D.C. 2007), support an exercise of the Court's discretion to deem the Notice of Removal as filed on July 31, 2008, and therefore as timely under 28 U.S.C. § 1446(b).

3.      The thirty-day time limit to file a notice of removal is not jurisdictional, *see Wisconsin Dept. of Corrections v. Schacht*, 524 U.S. 381, 392 (1998), placing the requested relief squarely within this Court's discretion.

08416/0/00438642.WPDv1

4.      Standard Fire incorporates by reference the accompanying memorandum of law and exhibits.

5.      Pursuant to LCvR 7(m), undersigned counsel, after numerous unsuccessful attempts, conferred by telephone with counsel for Plaintiffs on August 14, 2008.  Counsel for Plaintiffs stated that Plaintiffs will not consent to this motion and intend to file an opposition.

WHEREFORE, Standard Fire respectfully requests that the Court enter an Order deeming the Notice of Removal filed on July 31, 2008, and grant such other and further relief as justice may require.

Respectfully submitted,

　/s/ *Steven M. Klepper*　
Steven M. Klepper, Bar No. MD 26664
KRAMON & GRAHAM, P.A.
One South Street, Suite 2600
Baltimore, Maryland  21202
410.752.6030 (voice)
410.539.1269 (facsimile)
sklepper@kg-law.com

*Attorneys for Defendant*

Dated: August 14, 2008

08416/0/00438642.WPDv1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUDE NKPADO et al., ) | |
| ) | |
| Plaintiffs, ) | |
| v. ) | |
| ) | Case No. _____ |
| THE STANDARD FIRE INSURANCE ) | |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |

## DECLARATION OF STEVEN M. KLEPPER

Pursuant to 28 U.S.C. § 1746, Steven M. Klepper declares under the penalties of perjury that the facts set forth herein are true and correct upon personal knowledge:

1. I am over 18 years of age and competent to testify.

2. I am counsel to Defendant The Standard Fire Insurance Company ("Standard Fire") in this matter.

3. Attached to this declaration is a true and correct copy of the notice from Standard Fire's registered agent, Corporation Service Company, indicating that Plaintiffs served Standard Fire with process on July 1, 2008.

4. Although my ordinary practice is to file notices of removal and similar time-sensitive papers in advance of the deadline, scheduling issues led me to file Standard Fire's Notice of Removal on the deadline of July 31, 2008.

5. My firm retained a messenger company, Rapid Response, to file the Notice of Removal with the Court.

EXHIBIT A

6.   On the afternoon of August 1, 2008, the Clerk's office contacted me and stated that, absent a July 31 date-stamp on the Notice of Removal, the Clerk would consider it filed on August 1. The Clerk's office further identified other errors: that the check for the removal was made out to the Clerk of the United States District Court for the District of Maryland; that the paper was not two-hole-punched at the top; and that the messenger placed the filing in the drop-box for the Clerk of the Circuit Court.

7.   The Clerk's office further stated that the caption of the Notice of Removal was deficient, in that it identified Standard Fire as the only defendant and should have named James M. Michener, Joseph Lacher, and Angela Curtis from the caption of the Complaint. As set forth in the Notice of Removal, however, prior to filing I confirmed with counsel for Plaintiffs that those individuals were not actual defendants. Rather, those individuals – whom the complaint did not indicate should be served with process – were on the complaint only because of an alleged requirement by the Clerk of the Superior Court.

8.   With the filing of Defendant's Motion to Deem Notice of Removal as Filed on July 31, 2008, Standard Fire is tendering a corrected check and instructing the messenger to hole-punch the filed Notice of Removal at the Clerk's office if that task remains necessary.

I declare under penalty of perjury that the foregoing is true and correct. Executed on August 4, 2008.

                                                          _____
                                                          STEVEN M. KLEPPER



**CORPORATION SERVICE COMPANY**

SLM / ALL
Transmittal Number: 5878738
Date Processed: 07/02/2008

# Notice of Service of Process

| | |
|---|---|
| Primary Contact: | Pamela Hoff<br>The Travelers Companies, Inc.<br>385 Washington Street, MC 515A<br>Saint Paul, MN 55102 |
| Copy of transmittal only provided to: | SOP Coordinator |

| | |
|---|---|
| Entity: | The Travelers Indemnity Company<br>Entity ID Number 2317465 |
| Entity Served: | Travelers |
| Title of Action: | Echeria Nkpado vs. The Standard Fire Insurance Company (Travelers) |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Contract |
| Court: | Superior Court, District Of Columbia |
| Case Number: | 0004627-08 |
| Jurisdiction Served: | District Of Columbia |
| Date Served on CSC: | 07/01/2008 |
| Answer or Appearance Due: | 20 Days |
| Originally Served On: | CSC |
| How Served: | Certified Mail |
| Plaintiff's Attorney: | Stephanie J. Lewis<br>202-296-1111 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
*CSC is SAS70 Type II certified for its Litigation Management System.*
2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscinfo.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUDE NKPADO et al., ) | |
| ) | |
| Plaintiffs, ) | |
| v. ) | |
| ) | Case No. _____ |
| THE STANDARD FIRE INSURANCE ) | |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |

### DECLARATION OF MAMADOU DIALLO

Pursuant to 28 U.S.C. § 1746, Mamadou Diallo declares under the penalties of perjury that the facts set forth herein are true and correct upon personal knowledge:

1. I am over 18 years of age and competent to testify.

2. I am employed with Rapid Response as a messenger.

3. On July 31, 2008, I picked up a package from Kramon & Graham, P.A. for filing with this Court.

4. When I arrived at the Court on the afternoon of July 31, 2008, the Clerk's office was closed.

5. Rather than open the envelope and date-stamp the papers inside the envelope, I date-stamped the form provided by Kramon & Graham accompanying the envelope, and I returned that paper to Kramon & Graham. The original date-stamped paper is attached to this declaration.

6. I placed the sealed envelope in the drop-box of the Court of Appeals for the

EXHIBIT B

District of Columbia Circuit at the date and time indicated on the date-stamped paper attached to this declaration.

    I declare under penalty of perjury that the foregoing is true and correct. Executed on August 4, 2008.

MAMADOU DIALLO

**Kramon & Graham, P.A.**
One South Street, Suite 2600
Baltimore, Maryland 21202-3201
(410) 752-6030

Date to Messenger: 7/31/08           Time to Messenger: _____

Messenger Name: Rapid Response

From: Steve Klepper     Secretary: Jennifer

To: 33 US. District Court for the District of Columbia
Address: 333 Constitution Ave NW
Washington

Description: Package of Documents

*[Stamp: FILING DEPOSITORY 2008 JUL 31 PM 4: 15 RECEIVED U.S. COURT OF APPEALS FOR D.C. CIRCUIT]*

Signature of Recipient: _____

Date: _____           Time: _____

Job # 445989

*[Stamp: RECEIVED 2008 JUL 31 PM 4: 24 CLERK US DISTRICT & BANKRUPTCY COURTS]*

FORMS/FORMS/00026804.WPDv1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUDE NKPADO et al.,         )<br>                              )<br>    Plaintiffs,             )<br>v.                            )<br>                              )   Case No. 08-1343-HHK<br>THE STANDARD FIRE INSURANCE )<br>COMPANY,                      )<br>                              )<br>    Defendant.                ) | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO
DEEM NOTICE OF REMOVAL AS FILED ON JULY 31, 2008**

Defendant The Standard Fire Insurance Company ("Standard Fire"), by its undersigned attorneys, submits this memorandum of law in support of its motion for an Order deeming its Notice of Removal as having been filed on July 31, 2008.

**BACKGROUND**

Plaintiffs served Standard Fire with process on July 1, 2008. *See* Ex. A, ¶ 3 & attachment thereto. The deadline for removal was, therefore, July 31, 2008. *See* 28 U.S.C. § 1446(b). Due to scheduling issues, counsel for Standard Fire sent the Notice of Removal for filing with the Court on the deadline of July 31. *See* Ex. A, ¶ 4. Standard Fire's counsel employed a messenger service, Rapid Response, to file the Notice of Removal with this Court. *Id.*, ¶ 5.

The messenger arrived at the Court shortly after the Clerk's office closed for the day at 4:00 p.m. *See* Ex. B, ¶ 4. Rather than open the envelope containing the original and two copies of the Notice of Removal and date-stamping all three, the messenger date-

08416/0/00438642.WPDv1

stamped counsel's internal form – once with the Clerk of the District Court (4:24 p.m.) and once with the Clerk of the Circuit Court (4:15 p.m.) – and placed the sealed envelope in the drop-box of the Circuit Court.  *Id.*, ¶¶ 5-6.  That original form, with date stamps, is attached to the messenger's declaration accompanying this motion.  *Id.*, ¶ 5 & attachment thereto.

On the afternoon of August 1, 2008, the Clerk's office contacted counsel and stated that, absent a July 31 date-stamp on the Notice of Removal, the Clerk would consider it filed on August 1.  Ex. A, ¶ 6.  The Clerk's office further identified other errors: that the check for the removal was made out to the Clerk for the United States District Court for the District of Maryland; that the paper was not two-hole-punched at the top; and that the messenger placed the filing in the drop-box for the Clerk of the Circuit Court.  *Id.*[1]  With the filing of this Motion, Standard Fire is tendering a corrected check and instructing the messenger to hole-punch the filed Notice of Removal at the Clerk's office if that task remains necessary.  *Id.*, ¶ 8.

## ARGUMENT

Rule 5(d)(4) provides that the "clerk must not refuse to file a paper solely because it is not in the form prescribed by these rules or by a local rule or practice."  Fed. R. Civ.

---

[1] The Clerk's office further believed that the caption of the Notice of Removal was deficient, in that it identified Standard Fire as the only defendant and should have named James M. Michener, Joseph Lacher, and Angela Curtis from the caption of the Complaint.  *See* Ex. A, ¶ 7.  As set forth in the Notice of Removal, however, prior to filing Standard Fire confirmed with counsel for Plaintiffs that those individuals were not actual defendants.  *See* Notice of Removal.  Rather, those individuals – whom the complaint did not indicate should be served with process – were on the complaint only because of an alleged requirement by the Clerk of the Superior Court.  *Id.  See* Ex. A, ¶ 7

P. 5(d)(4) (formerly Fed. R. Civ. P. 5(e)).  Applying this rule, *Innovatit Seafood Systems, LLC v. Commissioner for Patents*, 240 F.R.D. 23 (D.D.C. 2007), granted a motion to deem a complaint filed on the date it was tendered to the Clerk – and therefore within the statue of limitations – even though the Clerk rejected the filing under Local Civil Rule 5.1(e)(2), requiring the complaint to be signed by a member of the Bar of this Court or by someone with a pending application to become such a member.  *Id.* at 25.  As the defect was only one of form, as with a missing filing fee or filing on the wrong-sized paper, the Court deemed the complaint filed on the date the plaintiffs tendered it to the Clerk.  *Id.* at 26.

*Innovatit* strongly supports a grant of similar relief in this instance.  Importantly, the thirty-day time limit to remove an action under 28 U.S.C. § 1446(b) is **not** jurisdictional.  *See Wisconsin Dept. of Corrections v. Schacht*, 524 U.S. 381, 392 (1998) (untimely notice of removal is procedural defect that does not deprive Court of subject-matter jurisdiction).  The Notice of Removal's failure to comply with formal requirements, while regrettable and embarrassing, does not affect the Court's jurisdiction or prejudice any party.  It was due only to a series of unfortunate mistakes that will not be repeated.  Standard Fire therefore asks that the Court deem the Notice of Removal filed on July 31, 2008.

        Respectfully submitted,

         /s/ *Steven M. Klepper*
        Steven M. Klepper, Bar No. MD 26664
        KRAMON & GRAHAM, P.A.
        One South Street, Suite 2600
        Baltimore, Maryland  21202
        410.752.6030 (voice)
        410.539.1269 (facsimile)
        sklepper@kg-law.com

        *Attorneys for Defendant*

Dated: August 14, 2008

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUDE NKPADO et al., ) | |
| ) | |
| Plaintiffs, ) | |
| v. ) | |
| ) | Case No. _____ |
| THE STANDARD FIRE INSURANCE ) | |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |

### **ORDER**

Upon consideration of Defendant's Motion to Deem Notice of Removal as Filed on July 31, 2008, and any opposition thereto, it is, this ___ day of _____, 2008, hereby

ORDERED that the motion is GRANTED.  The Court deems the Notice of Removal as filed on July 31, 2008.

_____
United States District Judge

08416/0/00438642.WPDv1