UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUDE NKPADO, et al.,<br><br>   Plaintiffs,<br>     v.<br><br>THE STANDARD FIRE INSURANCE COMPANY,<br><br>   Defendant. | Civil Action No. 08-1343<br>DAR |

**MEMORANDUM OPINION AND ORDER**

A bench trial in the above-caption action was commenced on May 20, 2009 and concluded on May 29, 2009. At the close of Plaintiffs' evidence, Defendant orally moved for judgment on partial findings pursuant to Rule 52(c) of the Federal Rules of Civil Procedure. Defendant claims that Plaintiffs did not prove their case, and that the action is barred by the one-year provision included in the insurance policy. Plaintiffs assert that they are entitled to specific performance of the contract and monetary damages.

Upon consideration of the parties' submissions, oral argument, and the entire record herein, the undersigned finds that Plaintiffs' claims are barred by the insurance policy's one-year limitations provision. Accordingly, Defendant's motion will be granted.

**BACKGROUND**

Plaintiffs Jude and Eucharia Nkpado commenced this action in the Superior Court of the District of Columbia against Defendant Standard Fire Insurance Company. Plaintiffs (husband and wife) are residents of the District of Columbia. Complaint ("Compl.") ¶ 1. Defendant has business offices located in various places within the District of Columbia. *Id.* ¶ 2.

On March 25, 1998, Plaintiffs purchased the property that is the subject of this dispute. On February 5, 2007, Plaintiffs renewed their insurance policy with Defendant regarding the property. The policy provided for coverage of the dwelling on the premises as well as the walls that support the dwelling. *Id.* ¶ 4. Additional coverage includes a caving in of any part of a building with such that it cannot be occupied for its intended purpose. *Id.* Also, the policy covers any direct physical loss involving collapse of any part of a building if the collapse was caused by perils.[1] *Id*; *see also* "Homeowners Policy Booklet from Travelers" (Document No. 1-3) (Section I Property Coverages discusses perils insured against).

Plaintiffs allege that on April 16, 2007, a huge tree fell on the Nkpado covered residence.[2] *Id.* ¶ 5. Plaintiffs submit that the "impact of the fallen tree shook the whole house, destroyed a large section of the roof, pushed in the basement wall, cracked the supporting walls in many places, caused damage to interior fixtures, destroyed front yard landscaping and walkway, and has caused water damage from the unrepaired damaged areas." *Id.* ¶ 6.

After the incident in question, Defendant made an initial estimate and sent Plaintiffs a check in the amount of $3,130.00 to immediately pay for necessary repairs. *Id.* Plaintiffs allege

---

[1] The insurance policy contains a section on "perils insured against" for homeowners. It also discusses what is not covered under the insurance policy.

[2] It was later determined at trial that a tree branch fell onto the Nkapado's residence and not an entire tree.

that there was a mistake made in the estimate and decided to engage FMC Structural Design to do a structural survey. *Id.* On May 10, 2007, FMC Structural Design sent its report to Plaintiffs, who in turn, sent it to Defendant. *Id.* On May 25, 2007, Defendant made a second estimate with a total damage of $9,229.08 and paid Plaintiffs an additional $3,909.67. *Id.* Defendant states that it made payments under the policy totaling $7,039.67. Amended Answer ("Am. Answer") ¶ 6.

On or about August 5, 2007, Plaintiffs allegedly sent estimates to Defendant in an attempt to reach a reasonable settlement. Compl. ¶ 7; Am. Answer ¶ 6. Plaintiffs engaged The International Business Law Firm (IBLF) to try to reach the settlement with Travelers. Compl. ¶ 7. There were two estimates submitted to Defendant: (1) a proposal in the amount of $94,870.00 for the repairs recommended by FMC Structural Design, Inc.; and (2) a proposal in the amount of $16,642.00 which included materials and labor to repair the roof. Compl. ¶ 7.

On August 14, 2007, a representative of Defendant provided Plaintiffs with a structural inspection report done by EFI Global. *Id.* ¶ 8. Plaintiffs allege that the contents of the report were irrelevant and it included matters not contained in the report the Nkpados submitted to Defendant.[3] *Id.*

On November 9, 2007, Defendant increased the coverage by $591.23 and sent Plaintiffs a check for that amount. *Id.* ¶ 10. "Plaintiffs returned the check claiming that it was inadequate to repair the damage along with a letter reminding Travelers that its policy prevents repairs if the compensation is unsatisfactory." *Id.* Plaintiffs submit that Defendant has been non-responsive to

---

[3] Plaintiffs allege that the EFI basement analysis reported delaminated paint on the surface of the ceiling in the basement. Plaintiffs submit that there is no ceiling in the basement. Also, Plaintiffs allege that "[c]ontrary to the report of the "Second Floor" (from the EFI analysis), a crack had developed from the tree's impact, water was dripping from the crack and there was a resulting stain from the ceiling." *Id.*

a request for "urgent request to provide funds to complete the bid to repair the roof with the reminder that there was a hole in the roof and structural damage . . ." *Id.* ¶ 11.

On August 4, 2008, the case was removed from the Superior Court of the District of Columbia to the United States District Court for the District of Columbia.

**CONTENTIONS OF THE PARTIES**

Defendant contends that Plaintiffs may not recover damages sought in the complaint because: (1) they did not file the action in a timely manner pursuant to the insurance policy; (2) they failed to meet the applicable burden of proof; and (3) Plaintiffs damages are limited to contractual damages in a breach of contract action. Specifically, Defendant contends that Plaintiffs did not comply with Section I, Condition 8 of the Policy, which provides that: "no action shall be brought unless there has been compliance with the policy provisions and the action is started within one year after the occurrence causing loss or damage." Defendant's Memorandum of Law Regarding District of Columbia Law on Contractual Limitation Clauses in Insurance Policies ("Def.'s Mem.") at 1. Also, Defendant asserts that Plaintiffs have not met their burden of proof in this case, and that Defendant is entitled to a Judgment on Partial Findings. Finally, Plaintiffs are not permitted to recover punitive damages in this case because the conduct of the Defendant did not rise to the level of a tort.

In response, Plaintiffs contend that they are entitled to relief for Defendant's failure to perform under the terms of the contract. They assert that under the contract, Defendant is responsible for roof and structural damages caused by the fallen tree. Moreover, Plaintiffs argue that the contractual limitation for filing an action against Defendant had not expired.

Nkpado, et al. v. The Standard Fire Insurance Company                                                5

Memorandum of Law in Opposition to Defendant's Motion for Judgment on Contractual Limitation Clause in Plaintiff's Insurance Policy ("Pls.' Mem. Opp'n") at 2. Plaintiffs submit that as a result, they are seeking monetary and punitive damages caused by Defendant's failure to act under the agreement.

Defendant filed two memoranda on the issues regarding the one-year limitation provision and punitive damages under contract respectively. Both of these issues are the principal considerations for the Court.

**STANDARD OF REVIEW**

**Judgment on Partial Findings**

Defendant moved for a judgment on partial findings under Rule 52 of the Federal Rules of Civil Procedure. Under Federal Rule of Civil Procedure 52(c):

> If a party has been fully heard on an issue during a nonjury trial and the court finds against the party on that issue, the court may enter judgment against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue. The court may, however, decline to render any judgment until the close of the evidence. A judgment on partial findings must be supported by findings of fact and conclusions of law as required by Rule 52(a).

Fed. R. Civ. P. 52(c).[4] Defendant's basis for its motion is that Plaintiff's failure to satisfy the one-year provision for bringing a suit against the insurance company and the damages sought in the complaint. Defendant also asserts that Plaintiffs have failed to meet their burden of proof on

---

[4] Federal Rule of Civil Procedure 52 was amended in 1991 to add subdivision (c). It authorizes the courts to enter judgment at any time that it can appropriately make a dispositive finding of fact on the evidence. *See* Fed. R. Civ. P. 52 (Notes of Advisory Committee on 1991 amendments).

the allegations in the complaint.

**<u>One-Year Limitation Provision</u>**

Section I, Condition 8 of the policy provides the condition for bringing a suit against the insurance company. "Contractual provisions limiting the period within which insurance policy holders may validly initiate a lawsuit are generally enforceable under District of Columbia law." *Martinez v. Hartford Cas. Ins. Co.*, 429 F. Supp. 2d 52, 57 (D.D.C. 2006).

In some instances, waiver and estoppel can be invoked to preclude a party from asserting a limitations period as an affirmative defense. *Id.* "A defendant is estopped from raising [a limitations period] as an affirmative defense if that defendant has done anything that would tend to lull the plaintiff into inaction and thereby permit the [limitations period] to run against him." *Id.* at 57 (quoting *Partnership Placements, Inc. v. Landmark Ins. Co.*, 722 A.2d 837, 842 (D.C. 1998)). The District of Columbia courts "have interpreted this principle narrowly." *Martinez*, 429 F. Supp. 2d at 57. An insurance company's failure to mention the limitations period does not qualify as an "affirmative inducement" and, therefore, will not constitute "lulling" for purposes of estoppel. *Id.* at 58. In addition, courts have held that the insurance company's conduct after the expiration of the limitations period does not constitute "lulling" for the purposes of estoppel. *Id.* at 57.

The waiver doctrine operates in a similar manner to protect the insured. "Under District of Columbia law, the general rule is that an insurance company is not deemed to have waived a contractual limitations period unless the company has conceded liability and some discussion of a settlement offer has occurred." *Id.* at 59. To successfully invoke the waiver doctrine, the insured must prove that the insurer conceded liability. *Id.* at 61.

**Punitive Damages**

The District of Columbia does not recognize a tort action for bad faith failure to settle with an insured. *Choharis v. State Farm & Casualty Co.*, 961 A.2d 1080, 1088 (D.C. 2008). Accordingly, an insured is limited to recovery of his or her contractual damages where the basis of the complaint is a breach of contract. There is an exception, expressed in *Choharis*, where an insured may recover punitive damages for a breach of contract action. Only where the alleged breach of contract "merges with, and assumes the character of, a willful tort," will theis insured be ableallowed to recover punitive damages. *Id.* at 1090. Also, "[t]he damages which are normally recoverable in actions for breach of contract are those which arise directly from the breach itself, or could reasonably have been in contemplation of both parties when they made the contract." *Mercer Mgmt. Consulting v. Wilde*, 920 F. Supp. 219, 238 (D.D.C. 1996); *see also Howard University v. Baten*, 632 A.2d 389, 392 (D.C. 1993).

**DISCUSSION**

Plaintiffs are is seeking damages for breach of contract and punitive damages. Compl. ¶ 7. In opposition, Defendant objects to the awarding of any punitive damages and asserts that the breach of contract claim is barred by the contractual provision. At trial, Defendant moved for a Judgment on Partial Findings under Rule 52(c) of the Federal Rules of Civil Procedure. The court finds that Plaintiffs did not file the suit in the requisite time period indicated in the contract. And the court also finds that punitive damages are not appropriate under the circumstances of this case. Therefore, the undersigned finds that the Plaintiffs are barred from recovery on a breach of contract action and are not entitled to punitive damages. Accordingly,

Defendant's motion is granted.

**Breach of Contract**

Plaintiff's' claim for breach of contract is precluded by the one-year contractual provision. The insurance policy states that: "no action shall be brought unless there has been compliance with the policy provisions and the action is started within one year after the occurrence causing loss or damage." Homeowner's Policy Booklet from Travelers at Section I, Condition 8 (Document No. 1-3). Under the insurance policy, "occurrence" means an "an accident, including continuous or repeated exposure to substantially the same generally harmful conditions which results, during the policy period, in: bodily injury or property damage." Homeowner's Policy Booklet from Travelers at 15 (Document No. 1-3); *see also* Pls.' Mem. Opp'n at 2.

There was a similar policy provision at issue in *Martinez*. *Martinez* illustrates the importance of adhering to the suit limitations provision in an insurance policy. In *Martinez*, the plaintiff, Martinez brought suit against defendant, Hartford Casualty Insurance Company, alleging that the defendant acted in bad faith under the insurance policy. *Martinez*, 429 F. Supp. 2d at 53. The policy contained a suit limitations provision which prevented the insured from bringing a suit two years after the date of damage or loss.[5] *Id.* at 54. The parties stipulated to the two-year limitations period set forth in the insurance policy. *Id.* The court held that the plaintiff's claim against the defendant was barred by the suit limitations provision. *Id.* at 61.

Here, Plaintiffs contests the applicable statutory provision. Plaintiffs submit that the

---

[5] "No one may bring a legal action against [the defendant] under this insurance unless: (a) There has been full compliance with all of the terms of this insurance; (b) The action is brought within 2 years after the date on which the direct physical loss or damage occurs."

District of Columbia statute of limitations should apply, instead of the contractual provision.[6] The occurrence causing loss or damage happened on April 16, 2007. Plaintiffs filed the instant suit on June 26, 2008.

Plaintiffs alleged in its their complaint that "[p]rior to August 5, 2007 Plaintiffs . . . engaged The International Business Law Firm (IBLF) to try to reach a reasonable settlement with Travelers." Compl. ¶ 7. Plaintiffs suggest that a discussion of settlement and the concession of liability is tantamount to a waiver of the contractual limitations period under District of Columbia law.[7] Defendant asserts that Plaintiffs' failure to comply with the policy conditions regarding mitigation of the loss and timely filing of a lawsuit prohibits their recovery of damages.

First, the undersigned finds that Plaintiffs have not demonstrated that Defendant conceded liability. Furthermore, the undersigned finds that Plaintiffs have not demonstrated that Defendant is estopped from raising the contractual limitations as an affirmative defense, or that Defendant waived the defense. For these reasons, the undersigned finds that the contractual provision set forth in the policy agreement is operative, and that Plaintiffs failed to file the lawsuit in the allotted time period.

**Punitive Damages**

Plaintiffs are not entitled to recover punitive damages in this case. Under District of Columbia law, "only where the alleged breach of contract merges and assumes the character of a willful tort, will the insured be able to recover punitive damages." *Choharis*, 961 A.2d at 1090.

---

[6] The statute of limitations for a breach of contract claims in the District of Columbia is three years. D.C. Code § 12-301(7) (2001).

[7] *See Martinez*, 429 F. Supp. 2d at 59.

*Choharis* stands for the proposition that unless the conduct of an insurance company reaches the level of a willful tort, the insured may not recover punitive damages. In *Choharis*, the appellant, Choharis purchased a home that sustained significant water damage. *Id.* at 1082. Choharis filed several claims against State Farm Fire and Casualty Company and one of the claims was for punitive damages. *Id.* Choharis argued that insurance companies are held to a higher standard and subject to punitive damages; this position was rejected by the court. *Id.* at 1090. The Court held that Choharis was not entitled to punitive damages because the conduct alleged did not "merge with and assume the character of a willful tort." *Id.*

Similarly, in the present case, Plaintiffs purchased a home and seek damages against an insurance company for breach of contract. The Plaintiffs' claim for punitive damages is based on the alleged failure of Defendant to operate as an insurer in good faith. However, the undersigned finds that Plaintiffs have not proven that the alleged conduct assumes the character of a willful tort as required by *Choharis*. Indeed, Defendant has made several payments to Plaintiffs as a result of the damage to their property. Thus, the Court finds that punitive damages are not appropriate under the facts and circumstances of the instant case.

**CONCLUSION**

Upon consideration of Defendant's Motion for Judgment on Partial Findings Pursuant to Fed. R. Civ. P. 52(c), the memoranda in support thereof and in opposition thereto and the entire record herein, the undersigned finds, for the reasons set forth herein, that Plaintiffs did not file this action within the contractual limitation period, and that punitive damages are not available in any event. It is therefore **ORDERED** that Defendant's Motion for Judgment on Partial Findings

Pursuant to Fed. R. Civ. P. 52(c) is **GRANTED**, and that the Clerk is directed to enter judgment in favor of Defendant.


March 24, 2010                                                   /s/
                                                                 DEBORAH A. ROBINSON
                                                                 United States Magistrate Judge